**SO ORDERED.**

**SIGNED this 12 day of September, 2007.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# ELIZABETH CITY DIVISION

**IN RE:**

**RITA ANN SAUNDERS,**

      **Debtor.**           **Case No. 07-02455-8-JRL
Chapter 13**

_____

## ORDER

This case is before the court on the motion for relief from automatic stay to proceed with eviction filed by ABN AMRO Mortgage Group, Inc. ("ABN AMRO"). On September 6, 2007, the court conducted a hearing on this matter in Wilson, North Carolina.

On August 5, 2006, the debtor filed a Chapter 13 case. On April 6, 2007, the case was dismissed as a result of the debtor's noncompliance with a consent order resolving the trustee's motion to dismiss for failure to make payments. ABN AMRO, secured by a deed of trust against the debtor's real property located at 716 Poplar Neck Road, Tyner, Perquimens County, North Carolina, conducted a foreclosure sale of the real property on June 4, 2007. ABN AMRO was the high bidder. No further upset bid was submitted during the statutory ten-day upset bid period.

On July 6, 2007, the debtor filed this second Chapter 13 case. ABN AMRO asserts that, at

the time of the second bankruptcy filing, the estate had no interest in the property because the foreclosure sale had been completed. It seeks relief from the automatic stay to proceed with eviction. In North Carolina, a foreclosure sale is complete after the expiration of the ten-day upset bid period. In re Barham, 193 B.R. 229, 232 (Bankr. E.D.N.C. 1996). "Only at the end of the upset bid period does the purchaser's rights to the property become 'fixed.'". Id.

The debtor, however, alleges that there were procedural defects in the foreclosure process. For example, it appears doubtful that all state law notice requirements were followed. Also, the debtor asserts that ABN AMRO failed to cooperate with her. The debtor contends that she tried to make payments to ABN AMRO between the two bankruptcy cases, but at least four of those payments were returned. In addition, the debtor asserts that she asked for a payoff figure but was never provided that information.

In order for the automatic stay to remain in effect, the debtor must file an action in Perquimens County by October 2, 2007 that addresses the alleged procedural defects in the foreclosure process. If the debtor files such action, the court will not lift the automatic stay until the state court confirms that the foreclosure sale was valid.

END OF DOCUMENT